No. 81,972

In the Matter of RONALD J. FEY, JR., *Respondent.*

(972 P.2d 771)

Opinion filed January 22, 1999.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an original uncontested attorney discipline case filed by the office of the Disciplinary Administrator against Ronald J. Fey, Jr., of Raymore, Missouri, an attorney licensed to practice law in Kansas. The complaint alleged that Fey had violated MRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (diligence); MRPC 1.15 (1998 Kan. Ct. R. Annot. 333) (safekeeping property); MRPC 3.4(c) (1998 Kan. Ct. R. Annot. 357) (fairness to opposing party and counsel); MRPC 5.2 (1998 Kan. Ct. R. Annot. 371) (responsibilities of a subordinate lawyer); and MRPC 8.4(b), (c), and (d) (1998 Kan. Ct. R. Annot. 386) (misconduct). The complaint also alleged that Fey violated Supreme Court Rules 207 (1998 Kan. Ct. R. Annot. 222), 208 (1998 Kan. Ct. R. Annot. 228), 211(b) (1998 Kan. Ct. R. Annot. 233), and 802 (1998 Kan. Ct. R. Annot. 512). The Disciplinary Administrator recommended to the panel that Fey be suspended from the practice of law for an indefinite period.

The facts are not in dispute. In January and February 1997, Fey was an associate in the James L. Farmer law firm of Kansas City, Kansas. (Farmer subsequently was indefinitely suspended in 1997 for multiple severe violations of the Model Rules of Professional Conduct.) Fey's practice included representing clients in bankruptcy cases. On January 2, 1997, and January 17, 1997, Fey filed three chapter 7 bankruptcy petitions in federal Bankruptcy Court in Kansas City, Kansas. The filing fees for the petitions were paid with checks drawn on Fey's operating account. The three checks

were later dishonored by Fey's bank and returned unpaid to the bankruptcy court.

The bankruptcy court advised Fey of the dishonored checks and warned Fey of the possibility that his clients' cases would be dismissed if he failed to redeem the checks within 10 days of the notice. In addition, Fey was assessed a return fee of $25 per check. Fey failed to redeem the checks within the 10-day period.

As to two of the three dishonored checks, the bankruptcy court issued a show cause order, and the matter was set for hearing on February 19, 1997. Fey failed to appear. The hearing was continued to March 19, 1997. Fey redeemed the checks and paid the fees later the morning of February 19, 1997.

The show cause hearing was held on March 7, 1997. Although Fey again failed to appear, the court was advised that the checks for the filing fee and return check fees had been paid by Fey. The court sanctioned Fey by ordering him to pay $200 for his failure to appear. The court further ordered that no future filing fees should be accepted from Fey except by cash or certified funds. The clients' petitions were not dismissed.

A show cause hearing regarding the third check was held on March 19, 1997. Fey and his client appeared before the court. After noting that all the checks and returned check fees had been paid prior to the hearing, the court sanctioned and fined Fey an additional $200 for failure to comply with the rules and regulations of the court. The court suspended Fey's right to issue checks to the court and ordered Fey to remit the $200 to the court within 10 days of the order. The client's petition was not dismissed.

The bankruptcy court referred the matter to the office of the Disciplinary Administrator. On July 8, 1998, the matter was heard. The Disciplinary Administrator appeared by Marty Snyder, Deputy Disciplinary Administrator. Fey failed to appear.

Snyder advised the panel that Fey had contacted her the day prior to the hearing and informed her that he was not practicing law, had not practiced law for a year, and had no intention to practice law in the future. However, Fey requested that Snyder communicate to the panel his desire to keep his license to practice law and not be disbarred from the practice of law. Fey indicated

to Snyder that he desired to attend the panel hearing; however, he would not attend because he could not afford to take the morning off from his job as a carpenter.

Richard Wieland of the United States Trustee's office testified on behalf of the Disciplinary Administrator. Snyder pointed out to the panel that Fey was administratively suspended from the practice of law in Kansas on November 5, 1997, by the Clerk of the Appellate Courts because Fey had failed to pay the attorney registration fee and to fulfill the continuing education requirements for 1997.

Before recommending sanction, Snyder observed that indefinite suspension, unlike suspension for a definite period of time, would require Fey to apply for reinstatement should he decide to resume practicing law in Kansas. She pointed out that the reapplication process includes an evidentiary hearing to determine whether reinstatement is appropriate. She further stated that, although this case is quite serious, it does not rise to the level where disbarment is the appropriate sanction. Snyder requested that the panel recommend to the Kansas Supreme Court that Fey be disciplined pursuant to Supreme Court Rule 211(f).

The panel then reviewed the factors provided in the ABA Standards for Imposing Lawyer Sanctions including: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors.

The panel noted that it was clear that Fey did not safekeep his clients' property; his conduct had placed his clients' cases in jeopardy; he did not promptly respond to the orders of the court; and he did not initially cooperate with the disciplinary process. Regarding aggravating factors, the panel found a pattern of misconduct; multiple offenses; bad faith obstruction of the disciplinary proceeding; vulnerability of the victims (Fey's clients); and illegal conduct (insufficient funds checks). As no mitigating evidence was presented, no mitigating factors were found by the panel.

The panel found that Fey had violated MRPC 1.3, MRPC 1.15, MRPC 3.4(c), and MRPC 8.4(b), (c), and (d). The panel also found that Fey violated Supreme Court Rules 207, 208, 211(b), and 802. The panel recommended that Fey be suspended from the practice of law for an indefinite period and that costs be assessed against Fey in an amount to be certified by the Disciplinary Administrator.

After the final hearing, the panel recommended discipline as prescribed by Rule 203(a)(1), (2), (3), or (5) (1998 Kan. Ct. R. Annot. 210). The report, findings, and recommendations of the panel together with the complaint, answer, and transcript, were filed with the Clerk of the Appellate Courts, and the matter proceeded as provided by Rule 212 (1998 Kan. Ct. R. Annot. 236).

Upon docketing of the case, the Clerk of the Appellate Courts mailed a copy of the report to Fey. The Clerk issued a citation directing Fey to file with the Clerk either (1) a statement that he did not wish to file exceptions to the report, findings, and recommendation, or (2) his exceptions to the report. Any part of the hearing report not specifically excepted would be deemed admitted.

Fey failed to file exceptions to the report within 20 days of the mailing. Therefore, the findings of fact in the report were deemed to be admitted. The Supreme Court fixed a time and place for the imposition of discipline. The Clerk of the Appellate Courts notified Fey by registered or certified mail of such time and place. Fey failed to appear in person and to make a statement with respect to the discipline to be imposed as required.

After a careful review of the record and oral argument, we concur in the findings and conclusions of the hearing panel. The court finds that Fey should be indefinitely suspended from the practice of law; however, a minority of the court believes Fey should be disbarred.

IT IS THEREFORE ORDERED that Ronald J. Fey, Jr., be and he is hereby disciplined by indefinite suspension for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that Ronald J. Fey, Jr., shall prior to the filing of a petition for reinstatement comply with Rule 218 (1998 Kan. Ct. R. Annot. 246).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Fey and that this order be published in the official Kansas Reports.